kind can be stricken out on motion. Code Civ. Proc. § 538. A frivolous pleading is one which, on inspection, is inherently bad; that is, it contains no defense. While it may be quite apparent that the pleading is interposed to gain time, the court cannot say, on a bare examination of it, that this denial of a material allegation of the complaint is made for that purpose. Issues raised in a permissible manner cannot be disposed of in that summary way.

The order is reversed, with $10 costs and disbursements. All concur.

(27 Misc. Rep. 124.)

### McINNES et al. v. GARDINER.

(Supreme Court, Special Term, New York County. April 3, 1899.)

DISCOVERY—INSPECTION OF BOOKS.

In an action for goods sold, an application for the inspection of plaintiff's books, based on an allegation in the answer, on information and belief, that plaintiff, contrary to agreement, sold goods to other persons at a lower price than that given to defendant, will be denied, where the object of the discovery appears to be solely to ascertain whether or not the allegation of the answer is true.

Action by Edward McInnes and others against George N. Gardiner. Motion by defendant for inspection of plaintiffs' books. Denied.

Taylor & Parker, for the motion.

Asa Bird Gardiner, opposed.

GIEGERICH, J. The application for discovery is based solely upon the allegation in the answer, upon information and belief, that plaintiffs' intestate, contrary to agreement, sold paints to other persons at a lower price than that given to the defendant; and discovery is sought merely because the books would show the sales to such other persons. Nothing is presented in support of the proposition that the sales thus made were in fact at a lower price, and it would certainly appear that the object of the discovery is solely to obtain information as to whether or not the allegation of the answer is true; and, under these circumstances, the motion may not be granted. Dickie v. Austin, 4 Civ. Proc. R. 123. Moreover, it appears that the books are not in this country. The application for a commission is granted. Plaintiffs' diligence and good faith seem apparent, and I find no reason for the imposition of terms.

Motion for discovery denied, with $10 costs. Motion for commission granted, without costs.

(27 Misc. Rep. 123.)

### SCHWEIGER v. GERMAN SAV. BANK OF CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. April 4, 1899.)

1. INTERPLEADER—DISPUTED BANK DEPOSIT.

A bank sued for a deposit, the ownership of which is disputed, is entitled to an interpleader, where the complaint is verified, and shows that a payment of the fund to the other claimant could only be made at some substantial risk.

2. SAME.

> The bank is entitled to the interpleader, though an application by plaintiff to restrain the payment of the fund to the other claimant during the pendency of the action has been denied, since such denial is not conclusive of the validity of plaintiff's claim.

Action by George Schweiger, as president of the Prinz Rupprecht Section, No. 6, des Bayerischen National Verbandes von North America, against the German Savings Bank of the City of New York, impleaded with others. Heard on motion by defendant bank for an interpleader. Granted.

E. I. Spink, for German Sav. Bank.

F. L. Drescher, for plaintiff and George Voelkel, trustee.

Joseph Steiner, for defendants.

GIEGERICH, J. The fact that the plaintiff was defeated upon his motion for an injunction to restrain a payment by the bank to the rival claimants of the fund does not conclude the question as to the validity of the plaintiff's claim. It may be that plaintiff's case will be found stronger at the trial than it was made to appear upon application for a provisional remedy. The claim is made by verified complaint, and it sufficiently appears that the bank would make the payment to the other claimants at some substantial risk. I think that a case for interpleader is made out, both under the Code of Civil Procedure and the banking law.

Motion granted. Settle order on notice.